UNITED STATES, Appellee

v

ALBERT A. KAFFENBERGER, Private First Class, U. S. Army,
Appellant

No. 27,280

October 5, 1973

*Colonel Arnold I. Melnick* and *Captain T. Barry Kingham* were on the
pleadings for Appellant, Accused.

*Lieutenant Colonel Ronald M. Holdaway, Major Thomas P. Burns, III,
Captain M. Douglas Deitchler,* and *Captain David A. Schlueter* were on the
pleadings for Appellee, United States.

## OPINION OF THE COURT

DARDEN, Chief Judge:

Ten days after the accused was placed
in pretrial confinement, charges were
preferred against him. The Article 32
investigation was not completed until an
additional 41 days elapsed. Ninety-two
days passed before reference of the
charges to trial. After spending 104 days
in pretrial confinement, the accused was
released at the request of his defense
counsel, whose scheduled leave delayed
the accused's trial for an additional 22
days.

In United States v Burton, 21
USCMA 112, 44 CMR 166 (1971), we
held that a violation of Article 10, Uni-
form Code of Military Justice, 10 U.S.C.
§ 810, presumptively exists when an ac-
cused is confined for more than 90 days
without trial and that "this presumption

will place a heavy burden on the Gov-
ernment to show diligence." *Id.* at 118,
44 CMR at 172. That burden is not met
by demonstration of the usual incidents
of pretrial preparation. United States v
Marshall, 22 USCMA 431, 47 CMR 409
(1973).

In the present case, the Govern-
ment offered little more than a chronol-
ogy of events to explain the unwar-
ranted delays in the pretrial stages of
this prosecution. This is not enough to
discharge the Government's burden of
explanation.

The decision of the U. S. Army Court
of Military Review is reversed and the
record of trial is returned to the Judge
Advocate General of the Army. The
charge and its specification are ordered
dismissed.

Judges QUINN and DUNCAN concur.